# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| **WILSON BROTHERS PECOS** | § | |
| **RANCH, LP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-CV-00026** |
| | § | |
| **DESERT SKY WIND FARM LLC,** | § | |
| **Defendant.** | § | |

## WILSON BROTHERS PECOS RANCH, LP'S ORIGINAL COMPLAINT

NOW COMES, Wilson Brothers Pecos Ranch, LP, Plaintiff, and files this, its Original Complaint complaining of Desert Sky Wind Farm LLC, Defendant, and respectfully shows the Court as follows:

## I.
## PARTIES

1.      Wilson Brothers Pecos Ranch, LP (**"Plaintiff"**) is a Texas limited partnership with its principal place of business at 3100 North A Street, Bldg. A, Midland, Midland County, Texas 79705.

2.      Desert Sky Wind Farm LLC (**"Defendant"**) is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Defendant can be served through its registered agent, Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201. Service is requested at this time by certified mail, return receipt requested.

## II.
## JURISDICTION AND VENUE

3.      Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). The parties are diverse and the claims are within the Court's supplemental jurisdiction. Plaintiff's General Partner is a citizen of Texas and its limited partners are citizens of Texas, Arkansas, and

California.  Defendant does not have its principal place of business in this state.  Defendant is not incorporated in this state.

4.      The Court has personal jurisdiction over Defendant.  Defendant is doing business in the State of Texas, maintains a Registered Agent in Texas and maintains minimum contacts with the State of Texas and in this Division.

5.      The amount in damages exceeds $75,000, excluding interest and costs.

6.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions that form the basis of this suit occurred in the Western District of Texas, Pecos Division.  A substantial part of the property that is the subject of this action is situated in the Pecos Division.  Most importantly, Defendant's predecessor entered into a forum selection clause stating, in relevant part, "the exclusive venue for any such proceeding shall be in a court of competent jurisdiction located in Pecos County, Texas, or in the U.S. District Court, Western District of Texas, Pecos or Midland Division."

### III.
### FACTS

7.      Plaintiff owns real property located in Pecos County, Texas (**"the Property"**), on which a wind farm has been operating for over two decades, and is the grantor under the wind park easement covering the Property.

8.      Defendant is the grantee under the wind park easement covering the Property.

9.      Plaintiff and Defendant's predecessor in interest entered into the Grant of Windpark Easement and Easement Agreement (**"the Original Agreement"**) on July 6, 2000. Plaintiff and Defendant's predecessor in interest amended the Original Agreement on June 15, 2001, December 1, 2017, and in the Third Amendment to the Original Agreement (**"the Amendment"**) on January 14, 2022.

MIDLAND\012541\000010\3572079.1

10.     Defendant is the successor in interest to the original grantee of the Original Agreement, as amended (**"the Agreement"**), Enron Wind Development Corp. (**"EWDC"**). On April 21, 2001, EWDC assigned its interest under the Agreement to Indian Mesa Power Partners I LP and Indian Mesa Power Partners II LP (collectively, **"Indian Mesa"**). On April 26, 2002, the Indian Mesa entities merged to form Desert Sky Wind Farm LP. On December 12, 2017, Desert Sky Wind Farm LP converted into Defendant, the current grantee under the Agreement.

11.     The Agreement governs the contractual rights and obligations of Plaintiff and Defendant, including the payment of royalties from Defendant to Plaintiff. Section 4.1 of the Agreement provides the minimum rent payments Defendant must make to Plaintiff. Section 4.2 of the Agreement provides the royalty payments Defendant must make to Plaintiff based on Defendant's Gross Operating Proceeds (as defined in the Agreement) to the extent such calculated royalty exceeds the minimum rent.

12.     The Amendment added a new royalty in Section 4.6 of the Agreement. Section 4.6 provides for separate royalty payments to be made from Defendant to Plaintiff on revenue Defendant receives from Blockstream Services USA Inc. (**"Blockstream"**) for wholesale energy payments when certain pricing criteria described in the Amendment are met.  Section 4.6 states in pertinent part that, "[Defendant], or its Affiliate, shall pay [Plaintiff] a *separate* 7% royalty only on such wholesale energy payments received from Blockstream…as this royalty payment is *separate* from the royalty payments due under Sections 4.1 and 4.2 above."

13.     Accordingly, when the pricing conditions are not met in Section 4.6, the royalty due under Section 4.6 is not owed but the revenue is included in the calculation of the Section 4.2 royalty. This is evident in the Amendment's language that, "no royalty under this Section 4.6 would be payable to [Plaintiff] from [wholesale energy sales made to Blockstream]." The parties

would not have included "under this Section 4.6" if they intended for all Blockstream revenue not to be subject to any royalty when the pricing conditions were not met. Payments that are subject to a Section 4.6 royalty are not included in Gross Operating Proceeds, but Defendant may not exclude Blockstream payments from Gross Operating Proceeds when it is not paying a Section 4.6 royalty on Blockstream payments.

14.     Defendant has withheld royalty payments due to Plaintiff based on Defendant's incorrect interpretation that when the pricing conditions of Section 4.6 are not met, no royalty payments are due. One of Plaintiff's representatives sought to clarify and correct Defendant's misapplication on or about April 2024.  Defendant did not recognize its error or take steps to pay the proper royalties. On or about May 4, 2024, Plaintiff's counsel corresponded with counsel for Defendant requesting information regarding Defendant's calculation of royalties under the Agreement. Plaintiff's counsel asked Defendant's counsel to confirm that, "for all revenue received from Blockstream on the Property, if [Defendant] is not paying a royalty on the revenue under Section 4.6, that [Defendant] is including such revenue in its calculation of the royalty due under Section 4.2." Counsel for Defendant responded to reaffirm Defendant's incorrect position regarding royalties.  Specifically, that the application of Section 4.6 of the Agreement results in no royalty payment under Section 4.6 and exclusion of such revenue from the calculation of royalty under Section 4.2.  This is incorrect and in breach of the parties' contract.

## IV.
## CAUSES OF ACTION

**A.     Breach of Contract**

15.     Plaintiff incorporates the foregoing paragraphs herein.

16.     As stated above, Plaintiff and Defendant agreed to the Amendment regarding royalty payments related to wholesale energy payments Defendant received from Blockstream in

January 2022. The parties agreed to the essential terms, signed the Amendment, and began to perform. Defendant breached its contract with Plaintiff by ceasing to pay applicable royalties pursuant to Sections 4.6 and 4.2 of the Agreement.

17.     As a result of Defendant's breach, Plaintiff has suffered substantial damages in excess of the minimum jurisdictional limits for this action which it now seeks to recover from Defendant.

**B.     Declaratory Judgment**

18.     Plaintiff incorporates the foregoing paragraphs herein.

19.     Pursuant to Texas Civil Practice and Remedies Code Chapter 37 and 28 U.S.C. §§ 2201 and 2202, Plaintiff hereby requests a declaratory judgment as to the following:

> a.     The interpretation of the royalty provisions in the Agreement, specifically Sections 4.2 and 4.6, including how these provisions will be applied in the future; and
>
> b.     Defendant's obligations to Plaintiff regarding the royalty provisions in the Agreement.

20.     As stated above, Plaintiff and its counsel made demand that Defendant recognize and apply Plaintiff's correct position as to the interpretation of the royalty provisions in the Amendment. Plaintiff requests the Court declare Defendant's obligations related to the provision of royalty payments to Plaintiff, and any other such rights or obligations that may exist between Plaintiff and Defendant related to the Property and the Agreement.

**V.**
**ATTORNEYS' FEES**

21.     Plaintiff has retained the law firm of Cotton, Bledsoe, Tighe & Dawson, P.C. to represent it in this action and has agreed to pay the firm reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees to Plaintiff would be equitable and just and,

therefore, authorized by §§ 37.009 and 38.001 of the Civil Practice & Remedies Code and any other law or statute and provision of the parties' contract providing for the recovery thereof. Section 11.7 of the Agreement provides that the prevailing party may recover attorneys' fees. Plaintiff hereby requests that the Court award it the attorneys' fees it incurs during the prosecution of this matter.

## VI.
## CONDITIONS PRECEDENT

22.    All necessary conditions precedent have been performed or have been excused.

## VII.
## JURY DEMAND

23.    Plaintiff respectfully requests that its claims be tried to a jury and have tendered the appropriate fee.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that after jury trial, the Court enter a final judgment in its favor for the following relief:

1.    Actual damages;

2.    A declaration of the Parties' legal rights, status, obligations and relationship under the terms of the contract made the basis of this suit, including, but not limited to:

    a.    The interpretation of the royalty provisions in the Agreement, specifically Sections 4.2 and 4.6, including how these provisions will be applied in the future; and

    b.    Defendant's obligations to Plaintiff regarding the royalty provisions in the Agreement;

3.    Reasonable and necessary attorneys' and paralegals' fees;

4.    Costs of court;

5.    Pre-judgment interest;

6.      Post-judgment interest; and

7.      All other and further relief the Court deems equitable and just.

Respectfully submitted,

By:   /s/ Aaron M. Dorfner
**Aaron M. Dorfner**
State Bar No. 24040824
adorfner@cbtd.com
**Trevor K. Freeman**
State Bar No. 24066007
tfreeman@cbtd.com
**Trevor O. Chilton**
State Bar No. 24125171
tchilton@cbtd.com

OF

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (Fax)

**ATTORNEYS FOR PLAINTIFF,
WILSON BROTHERS PECOS RANCH, LP**

MIDLAND\012541\000010\3572079.1